IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

vs.                                                                         No. CIV 23-0628 JB/KK

CCADC POD 1 ADMINISTRATION and
UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his Untitled Civil Letter-Complaint from Myrtis Paulo Hart to (Second Judicial) County Clerk (dated June 30, 2023), filed July 26, 2023 (Doc. 1)("Complaint"). The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Plaintiff Myrtis Paulo Hart to provide a six-month inmate account statement, as 28 U.S.C. § 1915(a)(2) requires. See Order to Cure Deficiency, filed January 10, 2024 (Doc. 22)("Cure Order"). Because Hart has not complied with the Cure Order and subsequently severed contact with the Court, and having reviewed applicable law and the record, the Court will dismiss the Complaint without prejudice.

## BACKGROUND

Hart commenced this case on July 26, 2023, while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Complaint at 16. The Complaint seeks money damages from Defendant United States of America as well as administrators at Hart's prior prison, the Curry County Adult Detention Center ("CCADC"). Complaint at 1. On August 30,

2023, Hart filed an Application to Proceed in District Court Without Prepaying Fees or Costs. See Application to Proceed in District Court Without Prepaying Fees or Costs, filed August 30, 2023 (Doc. 2)("IFP Application"). The IFP Application does not attach "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) requires the six-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action . . . without prepayment of fees or security therefor . . . ." 28 U.S.C. § 1915(a)(2). Hart's IFP Application only attaches a notice that Hart receives Medicaid benefits, but such information does not comply with the statutory requirement or provide insight into whether Hart receives gifts or wages while incarcerated. See IFP Application at 3.

The Court referred the matter to Magistrate Judge Khalsa for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed August 31, 2023 (Doc. 3). Hart, thereafter, filed sixteen motions regarding, among other issues, discovery, subpoenas, arbitration, summary judgment, and prison discipline. See Motion to Subpoena, filed September 19, 2023 (Doc. 4); Motion to Produce Discovery, filed September 19, 2023 (Doc. 5); Motion to Reopen All Cases Associated with Myrtis Paulo Hart Due to Need to Address Treasonous Acts, filed September 19, 2023 (Doc. 6); Motion to Arbitrarily Rule or Judge in My Favor, filed September 28, 2023 (Doc. 7); Motion to Compel X-Rays, filed September 28, 2023 (Doc. 8); Motion to Produce Testimony, filed September 28, 2023 (Doc. 9); Motion to Subpoena for Telehealth, filed September 28, 2023 (Doc. 10); Motion to Subpoena for Video, filed September 28, 2023 (Doc. 11); Motion to Subpoena for Signatures, filed September 28, 2023 (Doc. 12); Motion to Compel Statement From Larry Hart, filed September 28, 2023 (Doc.

13); Motion to Compel FBI Communications, filed September 28, 2023 (Doc. 14); Motion to Compel Statements from MDC, filed September 28, 2023 (Doc. 15); Motion to Compel Subject-Matter, filed September 28, 2023 (Doc. 16); Motion to Produce Report, filed September 28, 2023 (Doc. 17); Motion to Produce X-Ray, filed September 28, 2023 (Doc. 18); and Motion to [Grant] Summary Judgment, filed September 28, 2023 (Doc. 19) (together, the "Procedural Motions"). None of the Procedural Motions attach a copy of Hart's six-month inmate account statement. See Procedural Motions. On January 10, 2024, Magistrate Judge Khalsa directed Hart to submit the six-month inmate account statement, as 28 U.S.C. § 1915(a)(2) requires, within thirty days of the Cure Order's entry. See Cure Order at 1. The Cure Order warns that the failure timely to comply may result in this case's dismissal without further notice. See Cure Order at 1.

The deadline for Hart to file a six-month inmate account statement was February 9, 2024. See Cure Order at 1. Hart did not comply or respond, and the United States Postal Service returned the Cure Order as undeliverable with the notation: "Not in Custody." Returned Mail Envelope, filed January 24, 2024 (Doc. 23). Hart has severed contact with the Court and has not advised the Clerk of his new address, as D.N.M. LR-Civ. 83.6 requires. D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6. The Court therefore will consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of

an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b); see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002))).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162.  Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for

noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

Here, Hart has not filed a six-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require. He also severed contact with the Court and failed to provide an updated address, as D.N.M. LR-Civ. 83.6 requires. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute and comply with rules and orders. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious, the Court concludes that the dismissal will be without prejudice. The Court will also deny Hart's Procedural Motions and the pending IFP Application, which are now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Untitled Civil Letter-Complaint Seeking Damages, filed July 26, 2023 (Doc. 1), is dismissed without prejudice; (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed August 30, 2023 (Doc. 2), is denied; (iii) the Plaintiff's Motion to Subpoena, filed September 19, 2023 (Doc. 4), is denied; (iv) the Plaintiff's Motion to Produce Discovery, filed September 19, 2023 (Doc. 5), is denied; (v) the Plaintiff's Motion to Reopen All Cases Associated with Myrtis Paulo Hart Due to Need to Address Treasonous Acts, filed September 19, 2023 (Doc. 6), is denied; (vi) the Plaintiff's Motion to Arbitrarily Rule or Judge in My Favor, filed September 28, 2023 (Doc. 7), is denied; (vii) the Plaintiff's Motion to Compel X-Rays, filed September 28, 2023 (Doc. 8), is denied; (viii) the Plaintiff's Motion to Produce Testimony, filed September 28, 2023 (Doc. 9), is denied; (ix) the Plaintiff's Motion to Subpoena for Telehealth, filed September 28, 2023 (Doc. 10), is denied; (x) the Plaintiff's Motion to Subpoena for Video, filed September 28, 2023 (Doc. 11), is denied; (xi) the Plaintiff's Motion to Subpoena for Signatures, filed September 28, 2023 (Doc. 12), is denied; (xii) the Plaintiff's Motion to Compel Statement From Larry Hart, filed September 28,

2023 (Doc. 13), is denied; (xiii) the Plaintiff's Motion to Compel FBI Communications, filed September 28, 2023 (Doc. 14), is denied; (xiv) the Plaintiff's Motion to Compel Statements from MDC, filed September 28, 2023 (Doc. 15), is denied; (xv) the Plaintiff's Motion to Compel Subject-Matter, filed September 28, 2023 (Doc. 16), is denied; (xvi) the Plaintiff's Motion to Produce Report, filed September 28, 2023 (Doc. 17), is denied; (xvii) the Plaintiff's Motion to Produce X-Ray, filed September 28, 2023 (Doc. 18), is denied; (xviii) the Plaintiff's Motion to Provide Summary Judgment, filed September 28, 2023 (Doc. 19), is denied; and (xix) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Myrtis Paulo Hart
Albuquerque, New Mexico

    *Plaintiff pro se*